McKinney, J.,
delivered the opinion of the court.
This was an action of assumpsit in the circuit court of DeKalb, brought , by Watson against Bates. The plaintiff recovered judgment for $442, and to reverse this judgment an appeal in error has been prosecuted to this court.
The material facts of the case are these: During the pendency of the Presidential 'election in 1848, Bates made a wager with, one Lancaster on the result of the election. Each party deposited in the hands of the stakeholder $400 in money, and $154 in cash notes. Watson furnished the whole of the money and notes *378 staked by Bates, and there is evidence tending to establish pretty fully, an agreement between them to be jointly interested in the wager, but the name of Watson was not to be used, in order that there might be “ but one fine if they were indicted.” Upon the result of the election being ascertained, the stakeholder paid over the deposit to Lancaster, the winner. Subsequently to the loss of the wager, and payment of the •deposit to the winner, conversations are proved between Watson and Bates to the effect that the former claimed that Bates was indebted to him for the amount of the money and notes lost upon the wager, and that Bates admitted such indebtedness, and promised to pay, and his failure to do so constitutes the foundation of the present action. The error relied upon is in the charge of the court to the jury; the portion of the charge excepted to, if we understand it correctly, assumes that if Watson (who furnished the whole amount of the deposite made by Bates,) was jointly interested in the wager, and Bates, after the result of the election was ascertained, directed or concurred in the delivery of the deposite to the winner, by the stakeholder, and, after doing so, admitted his indebtedness to Watson, “on account of the money so paid over' at his instance, and agreed, in consideration thereof, to pay it, then, to the extent of Bates’ interest in the wager, thus discharged with the money of Watson, at the instance of Bates, he, Bates, would be bound to Watson.”
This charge is somewhat obscure and confused, but we suppose the meaning is, that inasmuch as the money paid over by the stakeholder, in discharge of Bates’ part of the loss, was to be regarded as the money of *379 Watson, and haying been paid over after the wager was determined, by the express or implied direction of Bates, the subsequent promise by him worrld amount to a new contract. ‘.If this be a correct exposition of the charge, it involves at least two errors. 1. In such an illegal transaction there can exist no legal privity or relation between the parties. Wood vs. Owen, 2 Swan’s Rep., 146. The transaction, therefore, upon the proof in this record, must be viewed as simply a loan by Watson to Bates for the express purpose of being applied to an illegal object, and the money deposited to the extent of Bates’ interest in the matter, must be treated as his money. 2. There was no new consideration to support the subsequent promise; the promise can only be referred to the original illegal consideration.
It is admitted that money lent, and applied by the borrower for the express purpose of accomplishing an illegal object, cannot be recovered. And the test whether a demand connected with an illegal transaction is capable of being enforced at law is, whether the plaintiff requires any aid from the illegal transaction to establish his case. Chitty on Con., (edition of 1848) 657.
We take it to be a principle of law, too well established to be now called in question, that no liability can be created by a subsequent promise, where no legal obligation ever existed previously, unless supported by a new and sufficient consideration.
It is unquestionably true that a new contract may be created, which, if wholly unconnected with the illegal transaction and founded on a new consideration, will be valid, although in relation to a matter respecting *380 which there may have been prior unlawful transactions between parties. 11 Wharton’s Rep., 207. But if the promise, though it purports to be a new contract, grow immediately out of or be connected with the illegal transaction, it will be utterly void. And it is not enough to show merely an express subsequent promise; there must be some new consideration, legally sufficient in itself, to support such promise.
Indeed, it seems to be now established, notwithstanding previous decisions to the contrary, that even a moral obligation is not a sufficient consideration to support a subsequent promise. See note to Wennal vs. Adney, 3 B. & V., 249, 11 Ad. & E., 438, 8 Queen’s B. Rep., 483, 3 Pick. R., 207, 9 Watts, 396. In the present case there is not the color of a new consideration. The subsequent promise can have no other support than the original loan, and that being illegal, no court of justice will lend its aid to give effect to" such promise.
The plaintiff’s action must therefore fail. Let the judgment be reversed and a new trial granted.